## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK BATTAGLIA, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| COLUMBIA PROPERTY TRUST, INC., E. NELSON MILLS, CARMEN M. BOWSER, DAVID B. HENRY, MURRAY J. MCCABE, CONSTANCE B. MOORE, MICHAEL S. ROBB, THOMAS G. WATTLES, and FRANCIS X. WENTWORTH, JR., | **COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934** |
| Defendants, | **JURY TRIAL DEMAND** |

Plaintiff Frank Battaglia ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against Columbia Property Trust, Inc. ("Columbia" or the "Company") and Columbia's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Pacific Investment Management Company LLC through its affiliated company Panther Merger Parent, Inc. and its wholly-owned subsidiary Panther Merger Sub, LLC (collectively "PIMCO").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading preliminary proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on October 6, 2021. The Proxy

1

recommends that Columbia stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Columbia is acquired by PIMCO. The Proposed Transaction was first disclosed on September 7, 2021, when Columbia and PIMCO announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which PIMCO will acquire all of the outstanding shares of common stock of Columbia for $19.30 per share (the "Merger Consideration"). The deal is valued at approximately $3.9 billion and is expected to close by the end of the year.

3.      The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the sales process, financial projections prepared by Columbia management, as well as the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley"), Columbia's financial advisor.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing a definitive proxy statement ("Definitive Proxy") with the SEC or otherwise causing a Definitive Proxy to be disseminated to Columbia's stockholders, unless and until the material information discussed below is included in the Definitive Proxy or otherwise disseminated to Columbia's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Columbia.

6.      Defendant Columbia is a corporation organized and existing under the laws of the State of Maryland. The Company's principal executive offices are located at 315 Park Avenue South, Suite 500, New York, NY 10010. Columbia common stock trades on CXP under the ticker symbol "NYSE."

7.      Defendant E. Nelson Mills has been a director of the Company since 2007. Defendant Mills has served as President of the Company since 2010 and as CEO since 2013.

8.      Defendant Carmen M. Bowser has been a director of the Company since 2016.

9.      Defendant John L. Dixon has been a director of the Company since 2008.

10.      Defendant David B. Henry has been a director of the Company since 2016.

11.      Defendant Murray J. McCabe has been a director of the Company since 2013.

12.      Defendant Constance B. Moore has been a director of the Company since 2017. Defendant Moore has served as Chair of the Board since December 2020.

13.      Defendant Michael S. Robb has been a director of the Company since 2015.

14.      Defendant Thomas G. Wattles has been a director of the Company since 2013.

15.      Defendant Francis X. Wentworth, Jr. has been a director of the Company since 2020.

16.      Defendants Mills, Bowser, Dixon, Henry, McCabe, Moore, Robb, Wattle, and Wentworth are collectively referred to herein as the "Board."

17.      Nonparty Pacific Investment Management Company LLC is a Delaware limited liability company with its principal executive offices located at 650 Newport Center Drive, Newport Beach, California 92660. Pacific Investment Management Company LLC is an investment adviser that manages assets for central banks, corporations, endowments, sovereign wealth funds and pension funds.

18.     Nonparty Panther Merger Parent, Inc. is a Delaware corporation.

19.     Nonparty Panther Merger Sub, LLC is a Delaware limited liability company.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

21.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

22.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) a significant amount of the conduct at issue took place and had an effect in this District; and (ii) Columbia's principal executive offices are located in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

23.     Columbia is a real estate investment trust that owns and operates commercial real estate properties. The Company focuses on office buildings in central business districts in coastal office markets, including New York, Boston, Washington, D.C., and San Francisco.

24.     On September 7, 2021, the Company entered into the Merger Agreement with PIMCO. According to the press release issued that day announcing the Proposed Transaction:

**Columbia Property Trust to be Acquired by Funds Managed by Pacific Investment Management Company LLC in a $3.9 Billion Transaction**

*Columbia Shareholders to Receive $19.30 Per Share in Cash*

*Columbia's Board of Directors Oversaw an Extensive Strategic Alternatives Process to Maximize Shareholder Value*

**NEW YORK and NEWPORT BEACH, Calif.** — September 7, 2021 – Columbia Property Trust, Inc. (NYSE: CXP) today announced that it has entered into a definitive agreement to be acquired by funds managed by Pacific Investment Management Company LLC (collectively, "PIMCO"), one of the world's premier global investment management firms, for $3.9 billion including Columbia's proportionate share of consolidated and unconsolidated debt. Under the terms of the agreement, which has been unanimously approved by Columbia's Board of Directors, PIMCO will acquire all of the outstanding shares of Columbia common stock for $19.30 per share in cash. This represents a premium of approximately 27% over Columbia's unaffected closing share price on Friday, March 12, 2021. During this time period the high barrier office sector has traded down 5%.[1]

This transaction with PIMCO is the culmination of a comprehensive strategic review process undertaken by Columbia's Board of Directors which was publicly announced in the spring of this year. As part of this process, Columbia's Board and advisors invited nearly 90 potential counterparties to participate, including strategic acquirers, private equity firms and other investment management firms.

Constance Moore, Chair of the Columbia Board of Directors, said, "The Board of Directors is pleased to have reached this definitive agreement with PIMCO. This transaction provides Columbia shareholders with immediate and certain cash value at a significant premium to the Company's public market valuation, and we are confident it represents the best outcome for all Columbia shareholders."

Nelson Mills, President and Chief Executive Officer of Columbia, said, "Today's announcement represents the result of a comprehensive strategic review process and demonstrates the value and stability of Columbia's portfolio, the resiliency of our platform, and the capabilities of our team."

"We continue to believe that high-quality office buildings in major U.S. cities offer long-term value for our clients and Columbia has assembled a modernized, well-located portfolio of assets that we expect will perform well in the years ahead," said John Murray, PIMCO Global Head of Private Commercial Real Estate.

Francois Trausch, PIMCO Managing Director and Chief Executive Officer of Allianz Real Estate, added: "This is an exciting transaction and a great example of the strength of relationships within PIMCO's global real estate platform."

The transaction is expected to close as early as year-end, subject to approval by Columbia's shareholders and the satisfaction of other customary closing conditions. Upon completion of the transaction, Columbia's common stock will no longer be listed on the New York Stock Exchange.

_____

[1] From March 12, 2021 to September 3, 2021 on an equity market capitalization weighted basis.

**B.   The Materially Incomplete and Misleading Proxy**

25.     On October 6, 2021, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Misleading Statements/Omissions Regarding the Management-Prepared Financial Forecasts*

26.     The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Morgan Stanley's fairness opinion, Morgan Stanley reviewed forward-looking financial information for Columbia on a consolidated basis for 2026, in addition to 2021 through 2025. Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Columbia's management provided to the Board and Morgan Stanley.

27.     Notably, the Proxy failed to disclose the line items underlying the calculation of Property Cash NOI, Adjusted EBITDA, Normalized Funds From Operations ("FFO") per Share, Adjusted Funds From Operations ("AFFO") per Share, and Unlevered Free Cash Flow. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

6

*Materially Incomplete and Misleading Disclosures Concerning Morgan Stanley's Financial Analyses*

28.     With respect to the *Research Analyst Price Targets and NAV Targets Analysis*, the Proxy fails to disclose the available public market trading price targets utilized. The Proxy also fails to disclose the available equity research analyst estimates of net asset value.

29.     With respect to the *Comparable Public Companies Analysis,* the Proxy fails to disclose the inputs and assumptions underlying the range of: (i) 1.0x above and below the mean for share price to 2022 estimated FFO and share price to 2022 estimated AFFO; (ii) 5% above and below the mean for the premium or discount of share price to Street consensus estimated NAV per share; and (iii) 0.25% above and below the mean for Green Street implied capitalization rate. The Proxy further fails to disclose the multiples for share price to 2022 estimated FFO and share price to 2022 estimated AFFO, the premium or discount of share price to Street consensus estimated NAV per share, and implied capitalization rate for each company selected.

30.     With respect to the *Net Asset Value Analysis*, the Proxy fails to disclose the estimated value of Columbia's cash, investment management and asset management platform and other tangible assets, debt and other liabilities, and the estimated costs required to consummate the Proposed Transaction as utilized in the analysis. The Proxy also fails to disclose the inputs and assumptions underlying the range of 5% above and below estimates of asset value for operating real estate and 10% above and below estimates of asset value for development in progress. Furthermore, the Proxy fails to disclose the estimated net asset value per share. Finally, the Proxy fails to disclose the number of fully diluted shares of common stock utilized for the analysis.

31.     With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose the terminal values of the Company. The Proxy also fails to disclose the outstanding debt, non-controlling interests, outstanding cash, and the number of fully diluted shares of common stock

utilized for the analysis. Furthermore, the Proxy fails to disclose the inputs and assumptions underlying the selection of discount rates of 6.6% to 7.7% and implied exit capitalization rates of 5.6% to 6.2%. In addition, the Proxy fails to disclose Columbia's weighted average cost of capital. Finally, the Proxy fails to disclose the implied terminal enterprise values of the Company.

32.     With respect to the *Premiums Paid Analysis*, the Proxy fails to disclose the premiums paid in each of the selected transactions.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

33.     The Proxy also fails to disclose material information concerning the sales process. For example, Arkhouse Equities LLC and Arkhouse Partners LLC (collectively, "Arkhouse") began its campaign to control the Company back in December 2020. Then, Arkhouse informed the Company that it intended to replace most of the Board with its own candidates. According to the Proxy, Defendant Mills and the CEO of Arkhouse began meeting and discussing "Arkhouse's intentions with respect to Columbia." On March 18, 2021, a consortium led by Arkhouse (the "Arkhouse Consortium") sent Columbia a proposal to acquire the Company. Yet the Proxy is silent as to whether any of the meetings and discussions involving Defendant Mills included talk of Arkhouse's desire to own Columbia.

34.     The Company began a sales process in response to the Arkhouse Consortium's proposal. The Proxy notes that 88 potential parties that were contacted by Morgan Stanley. However, the Proxy does not disclose the number of strategic parties were contacted or expressed interest in a transaction with Columbia. The Proxy also does not disclose whether PIMCO was one of the parties contacted, or if PIMCO had independently expressed interest in acquiring Columbia. The Proxy further fails to disclose the exact time frame in which Morgan Stanley contacted those 88 parties.

35.     The Proxy also fails to disclose information about confidentiality agreements entered into between the Company and parties to the sales process. According to the Proxy, 35 parties entered into confidentiality agreements with Columbia, and those agreements "generally included customary standstill provisions." The Proxy does not disclose whether certain parties did not agree to standstill provisions, the terms of the standstill provisions, whether the standstill provisions are still in effect, whether any of those standstill provisions have been waived, and which of the parties cannot make a superior proposal for the Company.

36.     On June 5, 2021, the Board met to discuss the first round of proposals received. The Proxy offers little details about the offers received, noting just the range in prices offered and whether the proposals were made verbally or in writing. In fact, the Proxy fails to disclose whether PIMCO's proposal was in writing or made verbally. The Proxy also fails to disclose information about the conditions attached to the proposals, including financing and anticipated timing to negotiate.

37.     Morgan Stanley acted as Columbia's financial advisor throughout the sales process. At various times, Morgan Stanley provided the Board with preliminary analyses related to proposals received and the Company's valuation, yet these analyses have not been disclosed. This includes: the valuation analyses of the Arkhouse Consortium proposal, Columbia's implied valuation, and the illustrative forward share price analysis as discussed with the Board on March 31, 2021; the financial analyses of the proposals received as discussed with the Board on June 5, 2021; the "other financial analyses" discussed with the Board on July 28, 2021; and the updated preliminary financial analyses discussed with the Board on August 28, 2021.

38.     Morgan Stanley was not Columbia's only financial advisor. The Proxy states that J.P. Morgan Securities LLC was also "a financial advisor to Columbia." The Proxy does not

disclose whether J.P. Morgan Securities LLC was engaged specifically for the sales process or what role J.P. Morgan Securities LLC played during the process. In addition, no financial analyses or fairness opinion were offered by J.P. Morgan Securities LLC, according to the Proxy, yet the financial advisor attended Board meetings on May 5, 2021, May 19, 2021, June 5, 2021, June 24, 2021, July 7, 2021, July 28, 2021, August 28, 2021, and August 31, 2021. Furthermore, the Proxy fails to disclose what compensation J.P. Morgan Securities LLC received, and whether there were any potential conflicts of interest in J.P. Morgan Securities LLC's role as financial advisor.

39.     The Company's financial projections were prepared in March 2021, and those projections were provided to parties involved in the sales process, including PIMCO. The Proxy does not disclose those projections, only the ones from June 2021 that include information for 2026. The Proxy does not disclose which parties received the financial projections, or if any parties received the projections that were later disclosed in the Proxy. Finally, the Proxy notes that on August 28, 2021, the Board reviewed with Morgan Stanley the financial projections "as updated to reflect changes in the second quarter." These projections were not disclosed to Plaintiff or the other Columbia stockholders.

40.     The Proxy fails to disclose information about potential conflicts of interest on the part of Morgan Stanley. In the two years prior to August 19, 2021, according to the Proxy, Morgan Stanley received fees between $5 million and $15 million from each of Columbia and PIMCO for financial advisory and financing services. Yet the Proxy is silent as to whether other services were provided to either Columbia or PIMCO, the exact nature of the services provided, and the exact amount of compensation received by Morgan Stanley for those services.

41.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully

informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

42.     In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

43.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

44.     Further, the Proxy indicates that on September 6, 2021, Morgan Stanley reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Columbia stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Morgan Stanley's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

45.     Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

46.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47.     Defendants have filed the Proxy with the SEC with the intention of soliciting Columbia stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

48.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Columbia, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

49.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

50.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Columbia shares and the financial analyses performed by Morgan Stanley in support of its fairness opinion; and (iii) the sales process.

51.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or

should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Morgan Stanley reviewed and discussed its financial analyses with the Board during various meetings including on September 6, 2021, and further states that the Board considered Morgan Stanley's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

52.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

53.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

54.     The Individual Defendants acted as controlling persons of Columbia within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Columbia and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in

the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

55.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

56.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

57.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

58.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

59.     As set forth above, the Individual Defendants had the ability to exercise control

over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing a Definitive Proxy with the SEC or otherwise disseminating a Definitive Proxy to Columbia stockholders unless and until Defendants agree to include the material information identified above in the Definitive Proxy;

B.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 18, 2021

**ROWLEY LAW PLLC**

*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*

16